UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARTIN NOVAK, | ) | CASE NO. 1:08 CV 299 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WASHINGTON MUTUAL BANK, FA, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On February 7, 2008, pro se plaintiff Martin Novak filed this diversity action on behalf of himself and his wife, Janice Novak, against Washington Mutual Bank, FA ("Washington Bank"), whose principal place of business is in Houston Texas. In the complaint, plaintiff challenges the judgment in a state court foreclosure action and seeks to enjoin its execution. He also seeks compensatory damages. Mr. Novak also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Martin and Janice Novak executed a mortgage note in favor of Foundation Funding Group, Inc. ("Foundation Funding") in December 1999. Foundation Funding assigned the mortgage to Bank United on April 21, 2000. Mr. Novak alleges that Washington Bank filed a

foreclosure action against him and his wife on April 13, 2001.[1] Washington Bank claimed in the foreclosure action to be the successor in interest to Bank United. Mr. Novak contends that Washington Bank was not the holder of the mortgage note and filed a Motion to Dismiss the Complaint for lack of jurisdiction on July 23, 2004. The Motion was denied. Thereafter, judgment was rendered against the Novaks. Mr. Novak claims that he attempted to appeal the decision but was unsuccessful. Washington Bank is proceeding with the execution of the judgment. Mr. Novak's home is scheduled for sheriff's sale on February 29, 2008. He reiterates his claim that Washington Bank was not a holder in due course and therefore the Court of Common Pleas lacked jurisdiction to enter judgment against him. He contends that he is entitled to a temporary restraining order and permanent injunction prohibiting the sheriff's sale. Finally, he seeks compensatory damages in excess of $ 75,000.00.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[1] Mr. Novak attaches a copy of the complaint that Washington Bank filed in the foreclosure action. In paragraph one of the pleading, Washington Bank alleges that it "is the holder and owner of a Note, copy of which is attached as Exhibit "A." (Compl. Ex. "D") Mr. Novak did not include that exhibit as part of his attachment.

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir.
(continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Novak cannot file an action in federal court on behalf of his wife. A party may plead and conduct his or her case in person or through a licensed attorney. See 28 U.S.C. § 1654; Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991).[3] An adult litigant who wishes to proceed pro se must personally sign the complaint to invoke this court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). Only Mr. Novak's signature appears on the pleading. There is no indication that he is a licensed attorney authorized to practice law. Consequently, his signature is effective to invoke jurisdiction only over his claims. The claims of his wife, although related, are not properly before this court.

Although Mr. Novak signed the complaint, this court cannot entertain the claims which he set forth. A federal court must decline to interfere with pending state proceedings involving important state interests. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that

---

(...continued)
1985).

[3]    28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

3

could have been raised in the state case. Watts v. Burkhart, 854 F.2d 839, 844-48 (6th Cir.1988) If the state defendant files such a case, Younger abstention requires the federal court to defer to the state proceeding. Id; see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a pending state foreclosure matter, which are of paramount state interest. Doscher v. Menifee Circuit Court, No. 03-5229, 2003 WL 22220534 (6th Cir. Sept. 24, 2003)(finding that Younger abstention was required in plaintiff's challenge to a state court foreclosure action). Mr. Novak had the opportunity to raise his claims in the context of the state court action. Consequently, this court must abstain from interfering in the state court foreclosure proceedings.

Moreover, Mr. Novak alleges that he raised in the state court action his concern that Washington Bank was not a holder in due course. That claim was considered and denied. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; Dubuc v. Green Oak Township, 312 F.3d 736, 744 (6th Cir. 2002). The Court of Common Pleas found his argument to be without merit. This court is bound to give full faith and credit to the decisions of the state court.

**Conclusion**

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

Date: February 14, 2008          S/John R. Adams
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.